UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN CUSTER,                           ) <br>    Plaintiff,                     ) <br>                              ) <br> vs.                             ) <br>                              ) <br> DIANA POWERS, et al.,      ) <br>    Defendants.          ) | Case No. 23-1145 |

**MERIT REVIEW ORDER**

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of Plaintiff's complaint. (Doc. 1). The Court is required by 28 U.S.C. §1915A to "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

Plaintiff, proceeding *pro se*, has identified eight Defendants at the Peoria County Jail, including Diana Powers, Dr. Gladney Duran, Brad Johnson, Commessa Turner, Nurse Practitioner Carey, and Nurses Rhonda, Paula, and Britney. However, it is difficult to discern the specific basis of Plaintiff's claims due to his illegible handwriting.

From what the Court can discern, Plaintiff says he has been in a "medical battle" with Defendant Powers for three months because she allegedly instructed a nurse practitioner and Defendant Duran not to treat him. Plaintiff alleges that he suffers from

1

numerous mental and physical conditions including, among others, kidney disease, hypertension, degenerative disk disease, and PTSD.

Plaintiff also alleges he was severely wounded by staff at the Jail on November 3 and that Defendants Powers, Nurse Rhonda, and Nurse Britney saw the severe lacerations and bruises on his hands. Plaintiff does not indicate what year his injuries occurred. Defendant Powers allegedly laughed and said the wounds were "scabbing up nicely." Plaintiff claims Defendant Powers tried to conceal the beating. Plaintiff states Defendant Powers ordered an x-ray, which revealed Plaintiff had no broken bones. However, Plaintiff alleges he has severe nerve damage.

Plaintiff also states he requires a "no salt low cholesterol" diet. Plaintiff claims four doctors and his cardiologist recommended this special diet, but Defendant Powers refuses to provide it. Plaintiff asserts Defendant Powers is trying to kill him because she fed him chips.

The remaining allegations are extremely difficult to read due to Plaintiff's handwriting. Unfortunately, Plaintiff does not provide specific dates for all his allegations. In addition, Plaintiff does not explain how each of the named Defendants were involved. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in caption of complaint does not state claim against them).

To hold Defendants liable under § 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of [his] rights." *Wilson v. Warren Cnty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his

knowledge and consent.'" *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of subordinates).

In short, Plaintiff's complaint does not provide the Court or the potential Defendants with adequate notice of his claims. Federal Rule of Civil Procedure 8 states a complaint must include "a short and plan statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, Plaintiff must clearly state his claims, including who was involved and when the allegations took place. This is particularly important because Plaintiff has filed nearly forty lawsuits concerning the Jail since August of 2021, including sixteen lawsuits since January 2023. Many of Plaintiff's complaints include the same Defendants, and Plaintiff is admonished he must not repeat the same claims against the same individuals in separate lawsuits. Furthermore, Plaintiff must clearly state his claims so the Court can determine whether Plaintiff's claims in this case overlap with his other pending lawsuits.

Plaintiff's compliant is dismissed as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff one opportunity to file an amended

3

complaint clarifying his claims, but Plaintiff is advised that his handwriting MUST be legible. His amended complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rule of Civil Procedure 8.

2) The Court will allow Plaintiff one opportunity to file an amended complaint clarifying his claims. Plaintiff must file his proposed amended complaint within 30 days of this Order and follow the Court's directions concerning the information to provide in his amended complaint.

3) If Plaintiff fails to file his amended complaint within 30 days or fails to follow the Court's directions, his case will be dismissed.

ENTERED: 5/25/23

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE